IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 1:04CR503-1 |
| | ) | |
| TOMMY LEE YANCEY, JR., | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

BEATY, District Judge.

This matter is before the Court on Defendant Tommy Lee Yancey's Motion to Set Aside the Jury Verdict [Document #31] pursuant to Federal Rule of Criminal Procedure 29. The Court denied Defendant's Rule 29 Motion at the close of the Government's evidence and again after the close of all of the evidence. The case was submitted to the jury, and the jury returned a guilty verdict against Defendant for Possession of Cocaine Base with Intent to Distribute, but found Defendant not guilty of Possession of a Firearm During and in Relation to a Drug Trafficking Crime. After the verdict, Defendant renewed his Rule 29 motion and the Court denied the renewed motion. On March 28, 2005, Defendant filed the present Motion for Reconsideration of Motion to Set Aside Jury Verdict. Defendant filed a brief in support of his Motion on May 26, 2005, and this matter was called for sentencing on June 10, 2005. However, at the hearing, the Government was not prepared to respond to the Motion for Reconsideration of the Rule 29 Motion. Therefore, the sentencing was continued until July 8, 2005. The Court indicated that the parties could be heard on the Rule 29 Motion at that time. The Government filed a written response on June 21, 2005. At the July 8, 2005 sentencing hearing, this Court denied Defendant's Motion to Set Aside the Jury

Verdict [Document #31], and sentenced Defendant to 120 months imprisonment. Judgment was entered on August 5, 2005. The Court issues this Memorandum Opinion to outline the reasoning for the Court's decision denying Defendant's Rule 29 Motion.

I.  FACTUAL BACKGROUND

At trial, the evidence established that on July 15, 2004, Defendant was stopped by law enforcement officials while he was standing on a sidewalk in Siler City, North Carolina, because he fit the description of an individual who had been seen running down the street carrying a gun. Officers found 9.0 grams of cocaine base ("crack") and $680.00 in cash in Defendant's pockets. According to the law enforcement officers, Defendant did not appear to be intoxicated or high, and told officers that he found the crack cocaine lying on the ground.

At trial, Defendant testified that he was a crack addict and that on July 14, 2004, the day before he was apprehended, he had stolen $1,000.00 from a car he was working on in order to buy drugs. Defendant testified that the money belonged to a drug dealer. Defendant testified that after he stole the money, he got a ride to Siler City and used a portion of the money to purchase a whole "cookie" of crack cocaine. Defendant testified that he checked into a motel room in Siler City to smoke the crack cocaine, and that he still had some of the crack remaining when he left the hotel the next day. Defendant testified that he was waiting for his sister to come pick him up when he was stopped by law enforcement officials and taken into custody.

Defendant denied ever selling or distributing crack, and testified that he planned to use the entire quantity of crack cocaine over the next two to three days. However, Corporal J.J. Sturm in the Vice and Narcotics Division of the Greensboro Police Department testified that 9.0 grams of crack could be broken up and sold for as much as $1,800.00. Cpl. Strum testified that 9.0 grams

2

was not consistent with personal use and that 9.0 grams was a distributable amount. The jury ultimately found Defendant guilty of Possession of Cocaine Base ("Crack") with Intent to Distribute. Defendant now moves to set aside the jury verdict based on his contention that there was insufficient evidence that he intended to distribute the crack cocaine that he admittedly possessed.[1]

II.     LEGAL STANDARD

"When a defendant challenges the sufficiency of the evidence used to convict him, 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" United States v. Fisher, 912 F.2d 728, 730 (4th Cir. 1990) (quoting Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979) (emphasis in original)). "The jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented, and if the evidence supports different, reasonable interpretations, the jury decides which interpretation to believe." United States v. Murphy, 35 F.3d 143, 148 (4th Cir. 1994) (internal citations omitted). "A reviewing court . . . may not overturn a substantially supported verdict merely because it finds the verdict unpalatable or determines that another, reasonable verdict would be preferable." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996). "Reversal for insufficient evidence is reserved for the rare case 'where the prosecution's failure is clear.'" United

---

[1] In addition, conflicting evidence was presented at trial regarding Defendant's possession of a handgun. Officers testified that Defendant told them the exact location where a firearm could be found, and that a firearm was in fact recovered from that location. However, Defendant denied possession of the firearm or knowledge of the firearm's location, and the jury apparently resolved the conflicting evidence on this issue in Defendant's favor and found Defendant not guilty on the firearms charge.

Case 1:04-cr-00503-JAB   Document 41   Filed 08/08/05   Page 3 of 6

States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997).

III.     POSSESSION OF A CONTROLLED SUBSTANCE WITH INTENT TO DISTRIBUTE

"Conviction under 21 U.S.C. § 841(a)(1) for possession with intent to distribute a controlled substance requires proof of specific intent to distribute. Intent to distribute may be inferred from possession of drug-packaging paraphernalia or a quantity of drugs larger than needed for personal use." United States v. Fisher, 912 F.2d 728, 730 (4th Cir. 1990) (internal citations omitted). The Fourth Circuit has held that intent to distribute may be inferred by a jury based on the quantity of drugs in a defendant's possession. See United States v. Bell, 954 F.2d 232, 235 (4th Cir. 1992). In Bell, the Fourth Circuit held that the defendant's possession of 13.55 grams of cocaine base crack in a car he was driving was a "large quantity" and was sufficient to support the jury's "inference that an intent to distribute existed." Bell, 954 F.2d at 235. In a similar case, the Eighth Circuit held that possession of 9.9 grams of crack cocaine was "sufficient to support the jury's finding that [the defendant] possessed the cocaine base with intent to distribute it, because an expert testified that 9.9 grams of cocaine base far exceeds the amount attributable to personal use." United States v. Smith, 91 F.3d 1199, 1201 (8th Cir. 1996).

In contrast, Defendant cites United States v. Hunt, in which the Fifth Circuit held that possession of 7.998 grams of crack cocaine was "insufficient as a matter of law to infer intent." United States v. Hunt, 129 F.3d 739, 742 (5th Cir. 1997). In Hunt, the Fifth Circuit noted that although this quantity was larger than that "usually smoked," the detectives also testified that "this amount was also consistent with personal use." Id. The Fifth Circuit also emphasized that the government had conceded at oral argument that "'the amount alone, by itself, is not sufficient' to

4

support an inference of intent to distribute." Id. Based on this concession and the testimony from the detectives, the Fifth Circuit found insufficient evidence of intent, and distinguished cases from other circuits, including the Fourth Circuit, which "rested their decisions that the evidence was sufficient to support an inference of intent in large part on quantities comparable to this amount." Id. n.1.

Having considered the relevant case law, this Court concludes that under the case law of the Fourth Circuit, possession of 9.0 grams of cocaine base "crack" and large quantities of cash is sufficient evidence from which a jury could infer intent to distribute, particularly where an expert testifies that the quantity is not consistent with personal use. The jury in the present case considered all of the evidence and chose not to believe Defendant's testimony that he was simply a drug user, not a dealer. By Defendant's own testimony, he had been in possession of a whole "cookie" of crack, and was also in possession of large quantities of cash. The Court submitted to the jury the lesser-included offense of Possession of a Controlled Substance, but the jury instead found Defendant guilty of Possession with Intent to Distribute. Based on the evidence presented, the Court finds that a rational juror could have found that Defendant intended to distribute the crack cocaine. Therefore, even though another verdict could also have been reasonable, the Court will not overturn the jury's ultimate conclusion in this case.[2]

---

[2] Defendant was convicted of Possession with Intent to Distribute a Controlled Substance, and the advisory Sentencing Guidelines for the offense are provided in Guideline 2D1.1. Based on Defendant's criminal history and the calculations under Guideline 2D1.1, Defendant faced an advisory Guideline Sentencing Range of 120-150 months. The Court determined that such a sentence met the sentencing objectives of 18 U.S.C. § 3553(a), and chose to impose a sentence of 120 months. Even if the Court had granted Defendant's Rule 29 Motion, the Court would have been required to enter judgment against Defendant on the lesser-included offense of Possession of a Controlled Substance in violation of 21 U.S.C. § 844(a), which Defendant has admitted. Based upon such a judgment, the advisory Sentencing Guidelines for that offense are provided in

The Court concludes that there was sufficient evidence from which a rational juror could find Defendant guilty of Possession of a Controlled Substance with Intent to Distribute. Therefore, Defendant's Motion to Set Aside the Jury Verdict [Document #31] pursuant to Federal Rule of Criminal Procedure 29 is DENIED.

This, the 8th day of August, 2005.

                                                                                    _____
                                                                                     United States District Judge

---

Guideline 2D2.1. However, Sentencing Guideline 2D2.1 provides "[i]f the defendant is convicted of possession of more than 5 grams of a mixture or substance containing cocaine base, apply §2D1.1." Thus, the Guideline range for an individual convicted of possession of greater than 5 grams of cocaine base "crack" is computed as if the individual had been convicted of possession of the cocaine base "crack" with intent to distribute. Therefore, even if the Court granted Defendant's Rule 29 Motion and reduced Defendant's conviction to Possession of a Controlled Substance in violation of 18 U.S.C. § 844, Defendant would face the same advisory Sentencing Guideline Range of 120-150 months.